UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 26-1424

_____

GREGORY S. BOYD; JONATHAN LASSERS, on their own behalf and
derivatively for GFC HOLDINGS, LLC and BIOMASS GREEN FUELS, LLC,

Plaintiffs–Appellants,
v.
ALEXANDER BORSCHOW, ET AL.,
Defendants–Appellees.

_____

On Appeal from the United States District Court for the District of Puerto Rico
(No. 3:22-cv-01190-GMM)

**APPELLANTS' MOTION FOR LEAVE TO FILE REPLY OUT OF TIME
AND REPLY IN SUPPORT OF MOTION TO DISQUALIFY ROBERTO
ABESADA-AGÜET, ESQ.**

**TO THE HONORABLE COURT:**

COME NOW Gregory S. Boyd and Jonathan Lassers, on their own behalf and

derivatively for GFC HOLDINGS, LLC and BIOMASS GREEN FUELS, LLC,

Plaintiffs–Appellants, and respectfully state and pray:

**PART I — MOTION FOR LEAVE TO FILE REPLY OUT OF TIME**

On June 16, 2026, appellants moved to disqualify Attorney Roberto Abesada-

Agüet as counsel for GFC Holdings, LLC and Biomass Green Fuels, LLC (the

"Companies") in this appeal. On June 25, 2026, a response was filed in the

Companies' name by Attorney Abesada himself (Doc. 00118467656, Entry ID

6821263) (the "Opposition"). Under Fed. R. App. P. 27(a)(4), any reply was due within seven days after service — July 2, 2026. This combined filing is submitted the day after the 4th of July holiday weekend, on July 6, 2026.

FRAP 26(b) permits the Court, "[f]or good cause," to "permit an act to be done after [the] time expires." Fed. R. App. P. 26(b). The related excusable-neglect inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," and the concept is an "elastic" one. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993).

The circumstances are concrete. Between June 8 and July 5, 2026, appellants' two-lawyer team was served with nine motions filed by four appellee groups in the related district-court action, No. 3:26-cv-01066 (D.P.R.) (ECF Nos. 87–88, 92–96, 98–99); briefed the Rule 11 sequence there (ECF Nos. 100, 105–106; the opposition to ECF No. 108 remains in progress); and, on July 2–3 alone, filed an omnibus opposition (ECF No. 111), a related motion (ECF No. 112), the opposition to the Rule 4(m) dismissal motion (ECF No. 87), and — in No. 26-1357 in this Court — an opposition to a motion to strike together with a 255-page corrected record appendix.

No briefing schedule exists in this appeal; this Court denied appellants' extension motion as premature for that very reason on June 23, 2026. A three-day delay in replying on a motion not yet under submission prejudices no party, and the

filing wave described above is itself proof of good faith. Appellants respectfully request leave to file the reply below as of this date.

## PART II — REPLY IN SUPPORT OF MOTION TO DISQUALIFY

## I.  THE OPPOSITION IS THE CONFLICT IN OPERATION

Attorney Abesada commits the very act the Motion for Reconsideration identifies in his opposition: he filed his Opposition, purporting to represent the Companies. The docket reads, "RESPONSE filed by Appellees Biomass Green Fuels, LLC and GFC Holdings, LLC." The motion asks whether Attorney Abesada may lawfully speak for the Companies; his answer is to speak for them again, this time to defeat the inquiry into whether he may speak for them at all. No disinterested representative of the Companies has been heard.

That circularity is precisely what conflict rules exist to prevent. Counsel owes each client "a duty of undivided loyalty" and has "an ethical duty to prevent its loyalties to other clients from coloring its representation" of the client before the court. *Fiandaca v. Cunningham*, 827 F.2d 825, 829 (1st Cir. 1987); *see* Model Rules of Pro. Conduct rr. 1.7, 1.8(f), 1.13(a). Attorney Abesada's other client is Banco Popular de Puerto Rico — the Opposition concedes the decades-long engagement, quoting the motion's account of representation "for about twenty years, in dozens of cases." Opp. at 3. He entered a new appearance for Banco Popular in *Catalá-Del Valle v. NSSK San Juan, LLC*, No. 3:26-cv-01205-JAG (D.P.R. Apr. 24, 2026), ECF

No. 9 — while purporting to represent the Companies. Under the Companies' Operating Agreement, any indemnity for counsel is provided "out of and to the extent of Company assets only." Operating Agreement § 6.5(b) (of record in No. 3:26-cv-01066 (D.P.R.) at ECF No. 49-2). Thus, the Companies fund the representation deployed against their own claims.

The Opposition asserts that "no adversity has ever arisen between the Companies and Banco Popular," Opp. at 4, and that Attorney Abesada's two representations "never meet." Opp. at 12. The Commonwealth docket refutes both statements. In *Banco Popular de Puerto Rico v. GFC Holdings, LLC*, No. SJ2024CV04616, and its appeals, TA2025AP00276 cons. TA2025AP00277, Banco Popular is the plaintiff suing the Companies — and Attorney Abesada appeared there in the Companies' name. On June 9, 2026, he filed an appearance declaring that the Companies have no interest in the appellate proceedings concerning the judgment entered against them and in favor of his other client. Docket 19. One week later the court affirmed, expressly reciting that filing expressing no interest in the appeal. Judgment of June 16, 2026, at 7.[1] When the conflict was raised there on June 22, 2026 (Entrada Núm. 17), the court disposed of it in one line: No ruling required. See June 16 Judgment. Resolution of June 22, 2026. The two representations do not merely meet; they sit on opposite sides of the same caption, and the client with

---

[1] Boyd has filed a Motion for Reconsideration.

twenty years of engagements with the enemy has, to date won through perfidy. In this Court, the caption change in No. 26-1357 that would have deleted the Companies as appellants — urged on the strength of the same purported representation — was vacated on June 11, 2026, "as issued in error."

## II.  THERE WAS NO WAIVER; THE CONDUCT IS CONTINUING AND MOSTLY POSTDATES THE ORDER THE OPPOSITION INVOKES

The Opposition's lead argument is "true waiver": that appellants litigated representation below on corporate-authorization grounds while holding this conflict theory "in their pocket." Opp. 4–8. Waiver requires that a party "intentionally relinquishe[d] or abandon[ed]" a known right. *Jakuttis v. Town of Dracut*, 95 F.4th 22, 36 (1st Cir. 2024) (*quoting Dávila v. Corporación de P.R. para la Difusión Pública*, 498 F.3d 9, 14 n.2 (1st Cir. 2007)); *see* Opp. at 4 (invoking the same standard). *Jakuttis* itself found waiver only where the party had filed a written withdrawal of his objection — the paradigm of intentional relinquishment, and nothing like this record. But the conduct grounding this motion had not yet occurred when Docket No. 800 was briefed and decided in August 2025: the new appearance for Banco Popular came on April 24, 2026; the "no interest" filing on June 9, 2026; the appearance for the Companies in this Court on May 11, 2026; and the Opposition itself on June 25, 2026. No one intentionally relinquishes an objection to events that have not happened.

The waiver framework is also the wrong lens. It allocates issues raised for review of a judgment; this motion does not ask the Court to review anything. It asks the Court to exercise its independent authority over the counsel who appear before it — an authority that operates in the present tense. A court of appeals "may discipline an attorney who practices before it," Fed. R. App. P. 46(c); *see* Fed. R. App. P. 46(b)(1)(B), and the inherent "power to control admission to its bar and to discipline attorneys who appear before it" is "incidental to all Courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (*quoting Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 531 (1824)). The Opposition's footnote answer — that Rule 46 requires notice and an opportunity to respond, Opp. 14 n.8 — is satisfied here: the motion is the notice, and the Opposition is the response. And this Court in *Fiandaca* enforced Rule 1.7 on appellate review, holding it an abuse of discretion not to disqualify counsel whose representation of one client was "materially limited" by responsibilities to another. 827 F.2d at 829–31.

The undersigned have not sandbagged Attorney Abesada. Our objection was immediate, vehement, and continuing. The concurrent-conflict question is pending — undecided — in the district court, 26-01066 (MAJ-MBA) ECF No. 74, May 26, 2026, a fact the Opposition itself confirms. Opp. at 7 n.5. It was put to the Puerto Rico Court of Appeals on June 22, 2026, which declined to reach it because of the

judgment. We reaffirmed it in our Motion for Reconsideration, underscoring the judgment's reliance on Atty. Abesada's conflicted conduct.

The Opposition invokes *Kevlik v. Goldstein*, 724 F.2d 844, 848 (1st Cir. 1984), and its warning about disqualification motions used as "procedural weapons." Opp. 7–8. But *Kevlik* affirmed disqualification: it found "no tangible evidence of such improper motive" where the motion "was brought prior to trial, and not during it" — as this motion precedes even a briefing schedule — and it embraced the rule that because "disqualification is in the public interest, the court cannot act contrary to that interest by permitting a party's delay in moving for disqualification to justify the continuance of a breach of the Code of Professional Responsibility." 724 F.2d at 848 (*quoting Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 574 (2d Cir. 1973)). And the record above shows who is wielding procedure against whom: each time the question of who speaks for the Companies approaches decision, the conflicted appearance itself is used to moot it. A rule that the conflict may be examined only "below," where the conflicted appearance controls what is filed below, would immunize the conflict everywhere.

## III. DOCKET NO. 800 DECIDED AUTHORIZATION, NOT LOYALTY — AS THE OPPOSITION CONCEDES

The Opposition rests on the district court's August 12, 2025, order, but concedes the dispositive point: "The District Court was never asked to decide, and

did not decide, whether the undersigned's appearance on behalf of Banco Popular in other unrelated cases disqualifies him from representing the Companies." Opp. at 6. That is the whole reply. The order framed "[t]he issue to be resolved" as "whether Counsel for Plaintiffs may appear on behalf of nominal defendants … over the objections of counsel for nominal defendants," Docket No. 800 at 1, resolved it on Operating Agreement authorization grounds, *id.* at 14–19, and directed that "Counsel Abesada shall remain as the counsel of record for the Companies at this time." *Id.* at 20 (emphasis added). Authorization and loyalty are different inquiries; a duly retained lawyer remains subject to disqualification for a disqualifying concurrent conflict. *Fiandaca*, 827 F.2d at 829–31. The qualifier "at this time" contemplates exactly the renewed, record-based examination that the postdating events — April 24, June 9, June 25 — now require.

## IV.  THE MERITS OBJECTIONS FAIL ON THE OPPOSITION'S OWN AUTHORITIES

*Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436 (1st Cir. 1991), affirmed a denial of disqualification only because "there was no link between" the two representations, the simultaneous representation "had ceased by the time the disqualification issue arose," and no confidence was implicated — while stating that "we do not condone a lawyer suing his own client" and finding an "actual, impermissible conflict of interest" in the period of overlap. *Id.* at 439–41. Here the

link are the caption itself — Banco Popular v. the Companies and the Companies v. Banco Popular — the dual engagement is ongoing, and the injury is documented, not hypothetical.

*Mount Vernon Fire Ins. Co. v. VisionAid, Inc.*, 875 F.3d 716 (1st Cir. 2017), refused to presume a conflict from an insurer-defense arrangement in which the insured remained the final decision-maker with its own voice in the case. That is the opposite of this record: the Companies have no independent voice at all — the only person who speaks for them on the question of his own disqualification is the challenged counsel. No speculation is required where the repudiation of the Companies' interest, to the benefit of counsel's twenty-year client, is already filed and already relied upon by a court. *Fornaro v. Gannon*, 124 F. App'x 8 (1st Cir. 2004) (unpublished), is farther afield: its "taint" discussion addressed retrospective relief — whether to undo a completed proceeding. Appellants seek prospective relief: conflict-free representation of the Companies from this point forward.

The Opposition calls the Rule 1.8(f) theory "pure conjecture" about who pays counsel. Opp. at 15. The Operating Agreement is not conjecture: indemnification runs "out of and to the extent of Company assets only," § 6.5(b) — so the Companies bear the cost of a representation that has betrayed their interests. Atty. Abesada himself informed a Puerto Rico Court that the Companies have no assets. Moreover, Rule 1.8(f) requires informed consent, no interference with independent judgment,

and protection of confidences whenever anyone other than the client is involved in the arrangement. Who consented for the Companies, and with whose independent advice, is precisely the unexamined question. Finally, the Opposition argues the "derivative predicate" was "dismissed with prejudice." Opp. at 10. The dismissal it invokes is the judgment on appeal in this very case; its grounds were statutory standing under 18 U.S.C. § 1964(c) (with the allegations accepted as true), Article III as to the declaratory count, and declined supplemental jurisdiction. Whether the Companies' claims can be revived is what this appeal will decide — which is why loyal, conflict-free representation of the Companies during its pendency matters.

## V.  THE EXTRA-RECORD AND TRANSLATION OBJECTIONS MISS THE MARK

The Opposition's final argument is that the motion rests on exhibits outside the record on appeal. Opp. 15–16. This motion does not ask the Court to review the judgment on the trial record; it asks the Court to supervise the representation appearing before it now, and the materials at issue are filings and orders of courts — offered for their existence and legal effect, not for the truth of any contested fact. The Opposition itself proceeds the same way: it attaches the August 12, 2025, order and invokes a December 22, 2025, decision and docket materials from other proceedings. Opp. at 2 n.2, 5 n.4. As for Exhibit 13, appellants will promptly furnish a certified English translation in compliance with 1st Cir. R. 30.0(e).

## VI.  THE TYPEFACE POINT IS CURED

16. The Opposition notes, Opp. at 1 n.1, that the motion was prepared in 12-point rather than 14-point type. The slip was inadvertent, and it is cured: this filing is set in proportionally spaced 14-point Times New Roman, *see* Fed. R. App. P. 27(d)(1)(E), 32(a)(5)(A), and appellants will promptly file a conformed copy of the motion if the Court so directs. A typeface defect is no reason to leave a live concurrent conflict unexamined.

## VII.  THE DISPOSITIVE FACTS ARE UNDISPUTED; THE ONLY RESPONSE HAS BEEN DELAY

Step back from the doctrine and the record is stark. On May 26, 2026, appellants documented — with docket citations — that Attorney Abesada has appeared for Banco Popular in twenty-six federal matters across twenty years, and that he is representing the bank in at least two active matters today: Catalá-Del Valle, ECF No. 9 (Apr. 24, 2026), and an active foreclosure action for the bank in the Puerto Rico courts, No. SJ2025CV07110. Motion Ex. 1 (docket-citation appendix, of record in this Court and acknowledged at Opp. 3); No. 3:26-cv-01066 (D.P.R.), ECF Nos. 73–75. Any member of the bar — indeed, anyone with a PACER login — can confirm the appearances in minutes. In the six weeks since, the defense has responded twice, with abeyance motions and with this Opposition, and has never once disputed those facts: not the twenty years, not the two current engagements, not

the § 6.5(b) payment stream, not the June 9 renunciation of the Companies' right to appeal the $13.2 million judgment.

Indeed, the Opposition's own lead argument *depends* on those facts being true — its waiver theory is that appellants knew of the twenty-year representation all along, Opp. at 7 — and a party is bound by the factual assertions on which it litigates. *See Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 61 (1st Cir. 1992). That silence has a logic. A client with its own interests at heart does not pay counsel to file motion after motion around facts that cannot be denied — and the Companies have gained nothing from any of these filings. Every documented act of this representation has run in one direction: the renunciation of the Companies' interest in their own appeal, the attempted deletion of their party status in No. 26-1357, and now oppositions to any inquiry into their own counsel's loyalty. The only party any of it has ever benefited is Banco Popular. When a representation produces nothing for the client, must be funded out of the client's own assets under § 6.5(b) (when the company has no assets by that representation's own assertion), and fights hardest against disclosing who directs and pays for it, the inference is not subtle. Whoever is paying is not paying for a defense — there is none — but for delay, because for the payor the conflict is not a defect in the representation. It is its purpose.

What the undisputed facts cannot answer, targeted disclosure can: who engaged, who instructs, and who pays counsel to appear "for" the Companies while renouncing their interests. Appellants' narrowly tailored motion for exactly that discovery has been pending in the district court — undecided, and factually unrebutted — since May 26, 2026. 26-01066 (MAJ-MBA), ECF No. 75. The response there, as here, was not a denial; it was a wave of abeyance motions. If the Court prefers that the payment question be answered below that motion is ready for decision; if not, this Court may order the disclosure itself, as a condition of any continued appearance for the Companies, under Rule 1.8(f) and its supervisory authority. Either way, the question should not remain unanswered while the conflict continues to operate.

## CONCLUSION

WHEREFORE, appellants respectfully request that the Court: (i) GRANT leave to file this reply out of time; (ii) GRANT the motion forthwith to disqualify Attorney Roberto Abesada-Agüet from appearing for GFC Holdings, LLC and Biomass Green Fuels, LLC in this appeal; (iii) DISREGARD or STRIKE the June 25, 2026 Opposition to the extent it was filed in the Companies' name without conflict-free authorization; (iv) in the alternative, ORDER that the Companies appear through independent, conflict-free counsel; (v) ORDER Attorney Abesada to disclose, within seven days, the identity of every person or entity that engaged,

authorized, or is paying for his representation of the Companies in this appeal, see

Model Rules of Pro. Conduct r. 1.8(f); and (vi) GRANT such other and further relief

as is just.

Respectfully submitted,

/s/ Jane A. Becker Whitaker
JANE A. BECKER WHITAKER
1st Cir. Bar No. 35763
P.O. Box 9023914
Urb. Baldrich, San Juan, PR 00902-3914
Tel.: (787) 585-3824
janebeckerwhitaker@gmail.com
Counsel for Plaintiffs–Appellants

/s/ Luis E. Miñana
LUIS E. MIÑANA
1st Cir. Bar No. 118149
ESPADA, MIÑANA & PEDROSA LAW OFFICES, PSC
122 Ave. Ing. Manuel Dómenech, Altos
Urb. Baldrich, San Juan, PR 00918
Tel.: (787) 402-2226
minanalaw@yahoo.com
Counsel for Plaintiffs–Appellants
Dated: July 5, 2026

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limits of Fed. R. App. P.

27(d)(2): Part I (the motion) contains 334 words, within Rule 27(d)(2)(A)'s 5,200-

word limit, and Part II (the reply) contains 2593 words, within Rule 27(d)(2)(C)'s

2,600-word limit, in each case excluding the parts exempted by Fed. R. App. P. 32(f).

The document complies with the typeface and type-style requirements of Fed. R.

App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in proportionally spaced 14-point Times New Roman, a serif typeface, with case names italicized. Counsel relied on the word count of the word-processing system used to prepare the document. Fed. R. App. P. 32(g)(1).

/s/ Jane A. Becker Whitaker

## CERTIFICATE OF SERVICE

I certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record, including Roberto Abesada-Agüet and Manuel Durán-Rodríguez.

/s/ Jane A. Becker Whitaker